IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

WILLIAM BOYD PIERCE, #1208957    §

VS.              §      CIVIL ACTION NO. 4:06cv258

DIRECTOR, TDCJ-CID       §

<u>MEMORANDUM OPINION AND ORDER</u>

  Petitioner William Boyd Pierce, a prisoner confined in the Texas prison system, proceeding *in forma pauperis* and *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to proceed before the Honorable Don D. Bush, United States Magistrate Judge.

<u>Background</u>

  Petitioner is complaining about his Denton County convictions for two counts of sexual assault, *The State of Texas v. William Boyd Pierce*, Cause Number F2003-0377-C. On August 12, 2003, a jury found Petitioner guilty as charged. At the punishment hearing, Petitioner's prior conviction for aggravated robbery was admitted into evidence. The trial court judge sentenced him to sixty (60) years of confinement on November 6, 2003. On April 28, 2006, the trial court entered a *nunc pro tunc* order to correct a clerical error, showing that the enhancement (conviction of aggravated robbery) was found to be true. The Second Court of Appeals affirmed his conviction on August 12, 2004. *Pierce v. State*, No. 02-03–0517-CR (Tex. App.– Fort Worth, Aug. 12, 2004, pet.

1

ref'd). The Texas Court of Criminal Appeals then refused his petition for discretionary review (PDR) on November 10, 2004. PDR No. 1343-04. His first application for state writ of habeas corpus, filed on April 14, 2005, was remanded to the trial court for an evidentiary hearing and affidavits. *Ex parte Pierce*, Application No. 20,263-08, at cover. After the trial court entered findings of fact and conclusions of law, the Court of Criminal Appeals denied Petitioner's state writ without written order on June 7, 2006, based on the findings of the trial court. *Id*. at cover. Petitioner then filed the present federal petition. However, based on the initial Response filed by the Director, he asked that his case be stayed pending his return to the State to exhaust his remedies. This Court granted his motion. After returning to the State court, the Court of Criminal Appeals denied his second state writ. *Ex parte Pierce*, Application No. 20,263-09, at cover. Petitioner then asked that the present federal petition be returned to the active docket. He also asked that he be allowed to amend his petition, which this Court allowed. Respondent filed a supplemental Response based on Petitioner's amended petition. Petitioner filed a Reply.

In the present federal petition, Petitioner alleges that he is entitled to relief based on numerous issues:

1. His sentence was illegally enhanced;

2. The trial court abused its discretion by continuing the trial in his absence;

3. The trial court abused its discretion by admitting an illegally-obtained letter that Petitioner wrote to the complainant;

4. The trial court improperly admitted the victim's testimony concerning uncharged extraneous sexual offenses;

5. Petitioner was denied the right to confront the witnesses who testified against him;

6.      His trial counsel had a conflict of interest, thereby denying him effective assistance of counsel, and the trial court erred in failing to grant a continuance based on counsel's conflict of interest;

7.      Trial counsel was ineffective for failing go conduct pre-trial investigation or file any pre-trial motions;

8.      Trial counsel was ineffective for failing to correct the bond amount on the jail computer in a timely manner, which prolonged the period in which he had to stay in jail;

9.      Trial counsel failed to interview witnesses who could have testified in his defense;

10.     Trial counsel told the court, "I don't think I can beat this case," which showed the court that he did not have a firm command of the facts;

11.     Trial counsel failed to object and ask for a continuance when the court determined that Petitioner had voluntarily absented himself from trial and continued the trial without him;

12.     Trial counsel failed to object to hearsay evidence when the victim testified about a letter she received from Petitioner;

13.     Trial counsel failed to object to the court's charge;

14.     There was no evidence to support his conviction;

15.     The visiting judge did not have jurisdiction to hear the case;

16.     Appellate counsel failed to raise several issues on appeal; and

17.     Petitioner has been unable to obtain a copy of the jury charge.

In his amended petition, Petitioner raised this issue:

18.    The prosecutor committed a *Brady* violation by failing to make available a Children's

Advocacy Center document to his attorney prior to trial.

<u>Statement of Facts</u>

The State, on direct appeal, provided the following statement of facts (citations omitted):

The complainant in the case, T.S. was sixteen when she first met Appellant (hereinafter Pierce), who was a friend of complainant's mother. Pierce and her mother had coffee several times a week and sometimes T.S. and her brother would join them. Around December of 2002, the mother sought help from Pierce in getting T.S. and her brother to school and daycare in the mornings. Pierce was supposed to drop off the brother at daycare and then bring T.S. back to the house to go to school. T.S. testified that sometimes Pierce would take her out to breakfast and then take her to school and they became friends. Pierce bought T.S. gifts and inexpensive jewelry and allowed her to drive his car. On more than one occasion, Pierce brought T.S. to the trailer where he lived.

In January, while T.S. was a passenger in Pierce's car, Pierce asked T.S. to give him a "hand job." T.S. stated that Pierce grabbed her hand and placed it on his penis but that she immediately yanked her hand away. Pierce also touched T.S. on her breasts on another occasion. T.S. testified that sometime thereafter, Pierce began asking her to have sex with him.

T.S. testified that Pierce actually had sex with her on two separate occasions. The first time was on the 28th of January. Pierce took T.S. to breakfast but did not take her to school. They rode around for awhile and then went to Pierce's trailer. T.S. testified that Pierce took her pants off and lay on top of her on the bed. T.S. stated that she could feel Pierce's penis on her vagina. T.S. testified that Pierce had sex with her on one other occasion, where Pierce again took T.S. to his trailer, removed her pants, and lay on top of her on the bed. When questioned at trial, T.S. stated that she knew what sex was, that it was when a penis came in contact with a vagina, and that was what Pierce had done with her.

At trial the State called several witnesses who testified that they had seen Pierce behave inappropriately toward T.S. Through the testimony of these witnesses, the State was able to show that Pierce had admitted in engaging in sexual activity with T.S. and that he had bragged about it. The State also introduced as evidence a letter

written by Pierce to T.S. in which he declare his love for her and asks her to help him get out of jail. In the letter Pierce essentially asked T.S. to recant her statements to police and to her mother.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas

corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. at 1522. Rather, that application must be objectively unreasonable. *Id.* 529 U.S. at 409, 120 S. Ct. at 1521. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the

present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

## Illegal Sentence

Petitioner first asserts that his sentence is illegal because he did not receive notice that a prior conviction was going to be used because no enhancement was contained in the indictment. He claims that, without notice of the enhancement, the trial court erred in sentencing him to sixty years. He also complains that the trial court judge did not make a formal finding that the enhancement was true.

Even if erroneous, claims relating to improper enhancement are state law claims. *Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir. 1982) (whether an offense has been properly enhanced is generally a matter of state law). Claims based solely on state law are not matters for federal habeas review unless they are of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause. *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992). Federal habeas corpus

relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). The evidence in question must be a "crucial, critical, or highly significant factor" in the contest of the entire trial. *Id.* The test to apply is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). Petitioner has not shown that, had the trial been "properly conducted," there is a reasonable probability that the verdict might have been different. *Id.*

The record shows that counsel for Petitioner acknowledges that he received proper notice of the state's intent to enhance the conviction in the punishment phase. On July 10, 2003, the State notified counsel for Petitioner of its intent to use Petitioner's 2001 conviction for aggravated robbery. During the punishment phase, counsel for Petitioner acknowledged that he received notice, and that Petitioner stipulated to the previous conviction. It is important to note that the trial court's *nunc pro tunc* judgment did not alter Petitioner's sentence in any manner. Petitioner, in his Reply, argues that the *nunc pro tunc* judgment was improper because it had the effect of making a new or independent order. He noted cases where the nunc pro tunc judgment changed the sentence, for instance, to run consecutively rather than concurrently. "A *nunc pro tunc* judgment is a procedural device by which the record of a judgment is amended to accord with what the judge actually said and did, so that the record will be accurate." *See Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460 (5th Cir. 2006) (citing Black's Law Dictionary 848 (75h ed. 1999)). In this case, the sentence was initially 60 years and remained at 60 years after the *nunc pro tunc* judgment that affirmed the court's earlier implicit finding that the enhancement was true. Petitioner has failed to show error.

Moreover, Petitioner raised this issue in his state writ, and the trial court entered the

following relevant findings:

. . .

7. The trial court assessed punishment at 60 years confinement in the Texas Department of Criminal Justice after being advised by the State as to the range of punishment applicable with one prior conviction and confirming that the offense for which Applicant had just been found guilty was a second-degree felony.

8. On November 6, 2003, Applicant was sentenced in accordance with the jury's finding of guilt and the trial court's assessment of punishment.

9. Implicit in the trial court's assessment of punishment is a finding that the enhancement paragraph was true.

10. The Judgment entered on November 6, 2003, contained a clerical error when it failed to include the trial court's findings on the enhancement paragraph.

11. The trial court has entered a Nunc Pro Tunc Judgment setting forth the trial court's finding of true on the enhancement paragraph.

12. The range of punishment for a second-degree felony with one enhancement paragraph is 5 to 99 years confinement.

*Ex parte Pierce*, App. No. 20,263-08, at 14. It also included in its Conclusions of Law that "Applicant's claim that the sentence is illegal because there was no enhancement paragraph is rendered moot by the trial court's entry of the Nunc Pro Tunc Judgment showing a finding of true on the enhancement paragraph." *Id*. The Court of Criminal Appeals adopted the trial court's findings and conclusions when it denied Petitioner's state writ. *Id*. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He also has not shown that there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Rogers*, 848 F.2d at 609.

Trail Court Errors

Petitioner claims that he is entitled to relief based on errors by the trial court. Trial court errors must do more than affect the verdict to warrant relief in habeas cases – it must render the trial as a whole fundamentally unfair. *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984). To determine whether an error by the trial court rendered the trial fundamentally unfair, it must be determined if there is a reasonable probability that the verdict would have been different had the trial been conducted properly. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). The United States Supreme Court has held that a federal harmless error standard applies on federal habeas review of state court convictions. *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993). The test is whether the error had "substantial and injurious effect" or influence in determining the jury's verdict. *Id*. 507 U.S. at 637, 113 S. Ct. at 1722. Habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice. *Id*. Habeas petitioners may not prevail in a federal habeas action simply by showing a violation of state law – they must show that the trial was fundamentally unfair, thus denying them due process by prejudicing the outcome of the trial. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1987).

Trial Continued in Petitioner's Absence

Petitioner concedes that he did not show up on the second day of trail. Offering no reasons

for his absence, he blames the court for considering his absence voluntary. He asserts that his right of confrontation and due process rights were violated.

The Texas Code of Criminal Procedure provides:

[In] all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial.

Tex. Code. Crim. P. Art. 33.03 (West 2003). The trial court made the following relevant findings of fact and conclusions of law:

> Findings of Fact
>
> . . .
>
> 3. On August 11, 2003, a trial before the jury began on Applicant's plea of not guilty.
>
> 4. After the first day of testimony, Applicant voluntarily absented himself from the trial.
>
> . . .
>
> Conclusions of Law
>
> . . .
>
> 2. Applicant's sentence of 60 years is not an illegal sentence.

*Ex parte Pierce*, App. No. 20,263-08, at 13-15. The Texas Court of Criminal Appeals denied Petitioner's state writ based on the findings and conclusions of the trial court. Petitioner has offered

no evidence that he was unable to be in court. In fact, he conceded that he had absconded to a different state. The record shows that Petitioner appeared for the first day of trial. A jury was selected and Petitioner entered his plea of not guilty. Opening statements were made, and three of the State's witnesses, including the complainant, testified. The next day, Petitioner failed to show for trial and failed to notify the court or his attorney that he would not be there. As in *Moore*, he simply failed to show up after appearing for the first day of trial. *Moore v. State*, 670 S.W.2d 259 (Tex. Crim. App. 1984) (when defendant voluntarily absents himself from trial after appearing and entering his plea, the trial may continue in his absence).

Petitioner has also failed to prove any evidentiary support to establish that he suffered prejudice. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Petitioner's conclusory allegations, without evidence in the record to support his position, fail to establish that the trial court committed error and that the alleged error resulted in actual prejudice. He has not shown that there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Rogers*, 848 F.2d at 609. This issue is without merit.

Admission of Letter from Petitioner to Complainant

Petitioner claims that the trial court abused its discretion by admitting an illegally-obtained letter that Petitioner wrote to the complainant. Even if erroneous, state evidentiary rulings are not matters for federal habeas review unless they are of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause. *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir.

1992). The evidence in question must be a "crucial, critical, or highly significant factor" in the contest of the entire trial. *Id*. The test to apply is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988).

The appellate court considered this issue:

> In his third point, appellant complains that the trial court improperly admitted into evidence State's exhibit 1, a letter that appellant allegedly had written to T.S. from jail. Appellant asserts that the letter was not properly authenticated because the State failed to establish that he authored it. He contends that T.S. was not competent to testify that he wrote the letter because she had never talked to him about it and, except for two alleged letters from jail, T.S. had only seen appellant's handwriting on one other occasion on "[a] doctor's note type of thing."

> T.S. also testified, however, that she knew from the contents of the letter that it was from appellant. For example, the letter addressed T.S. by a nickname that only appellant used, mentioned getting a new 300z car, which T.S. and appellant had discussed, referred to a telephone conversation between T.S. and appellant that had occurred after he was in jail, and mentioned a song title that was appellant and T.S.'s "song." The letter also referred to some papers that T.S. testified appellant had asked her to sign recanting her statements to the police – which T.S. tore up and threw away – and it mentioned a friend of appellant's who had "stood by" him.

> This evidence is sufficient to establish appellant's authorship of the letter. *See Soria v. State*, 933 S.W.2d 46, 60 (Tex. Crim. App. 1996) (op. on reh'g) (holding that authorship may be shown circumstantially), *cert. denied*, 520 U.S. 1253 (1997); *Reyes v. State*, No. 14-96-01189-CR, 1998 WL 733681, at *1-2 (Tex. App.–Houston [14th Dist.] 1998, pet. ref'd) (not designated for publication) (holding that contents of letter were sufficient to authenticate it). Therefore, the trial court did not abuse its discretion by admitting the letter into evidence. *See Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). We overrule appellant's third point and affirm the trial court's judgment.

*Pierce*, No. 02-03–0517-CR, slip op. at 3-5. A presumption applies when the last reasoned state

court opinion rejected a claim on a state procedural ground; the procedural-default doctrine precludes federal habeas review. *See Ylst v. Nunnemaker*, 50 1U.S. 797, 803, 111 S. Ct. 2590, 2594-95, 115 L. Ed.2d 706 (1991); *Henderson*, 333 F.3d at 598. A federal district court must be deferential to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152.

Petitioner has not shown that this state evidentiary ruling was of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause. *Jernigan*, 980 F.2d at 298. He has not shown that the evidence in question was a "crucial, critical, or highly significant factor" in the contest of the entire trial. *Id*. He also has not shown that there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Rogers*, 848 F.2d at 609. He also has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is without merit.

<u>Complainant's Testimony Regarding Uncharged Sexual Offenses Admitted</u>

Petitioner asserts that the trial court erred when it allowed the complainant to testify that Petitioner asked her to give him a "hand job" and that he touched her chest. He claims that these were extraneous sexual offenses that were inadmissible.

Article 38.38 of the Texas Code of Criminal Procedure permits evidence of other crimes, wrongs, or bad acts committed against a victim under the age of 17 to be admitted for its bearing on relevant matters, including the state of mind of the defendant and the child, and the previous and subsequent relationship between the defendant and the child. Tex. Code Crim. P. Art. 38.38 § 2

(West 1996). The testimony complained of fits within Article 38.38. Petitioner also compares himself to the defendant in *Kelly v. State*, 828 S.W.2d 162 (Tex. App.–Waco, 1992). However, in *Martin, Kelly* was reversed on this point. *See Martin v. State*, 1999 WL 7889, at *4 (Tex. App.–Amarillo, Jan 11, 1999). In *Martin*, the appellate court explains that the defendant does not have to impeach the complainant before such evidence may be admitted. Such evidence is considered relevant under Rule 401, which defines relevance as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. In *Martin*, the appellate court found that the trial court did not abuse its discretion in admitting the complainant's testimony that the defendant had patted her buttocks on two prior occasions. *Martin*, 1999 WL 7889, at *5 . The testimony was relevant as bearing on the question of the state of mind of both the complainant and appellant. *Id*.

In the present case, complainant's testimony was relevant under Rule 401 by showing the state of the mind of the defendant and the complainant. The testimony showed that Petitioner was pursuing the complainant for sexual favors and she did not like it. It also showed the previous and subsequent relationship, i.e., that Petitioner increasingly began to expect and ask for more sexual favors. Accordingly, the trial court did not err in admitting admissible testimony. Petitioner has not shown that there is a reasonable probability that the verdict would have been different had the trial been conducted properly. *Rogers*, 848 F.2d at 609. Nor has he shown that the alleged error had "substantial and injurious effect" or influence in determining the jury's verdict. *Brecht,* 507 U.S. at 637-38, 113 S. Ct. at 1722. Petitioner has failed to show that the trial was fundamentally unfair, thus denying him due process by prejudicing the outcome of the trial. *Lavernia*, 845 F.2d at 496.

Thus, this issue is without merit.

Right to Cross-Examine Witnesses

Petitioner complains that he was denied the right to cross-examine witnesses Vera Sdheidt and Beki Burchette. However, neither appeared at trial to testify. Petitioner contends that a police officer testified that Vera Sdheidt called the police to make a complaint, but that she was not available in court to be cross-examined although she had been served with a subpoena. He claims that the police officer's testimony as to what Sdheidt said was inadmissible hearsay.

The Confrontation Clause protects the right of the accused to confront and cross-examine witnesses against him. *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364, 158 L. Ed.2d 177 (2004). It provides two types of protections for a criminal defendant: the right to physically face those who testify against him, and the right to conduct cross-examination. *Delaware v. Fensterer*, 474 U.S. 15, 18-19, 106 S. Ct. 292, 294 , 88 L. Ed.2d 15 (1987) (per curium). The right to confront a witness arises only when that witness inculpates a defendant. *United States v. Daly*, 756 F.2d 1076, 1081 (5th Cir. 1985) *citing Chambers v. Mississippi*, 410 U.S. 284, 297-98, 93 S. Ct. 1038, 1047, 35 L. Ed.2d 297, 310 (1973). It applies not only to in-court testimony, but also to out-of-court statements introduced at trial, regardless of admissibility of statements under evidentiary rules. *Crawford*, 541 U.S. at 51,124 S. Ct. at 1364. Out-of-court statements that are testimonial are barred unless the witness is unavailable and the accused had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. *Id*. In this case, Petitioner's right to confront and cross-examine witnesses was not violated because no out-of-court statements were admitted by either of the witnesses that Petitioner has named.

Counsel for Petitioner objected to the admission of any out-of-court statements made by

Sdheidt as hearsay. The police officer was allowed to testify only as to his actions - not what Sdheidt said. Thus, no inadmissible out-of-court statements were made. Similarly, Beki Burchette did not appear in court, although she was subpoenaed, and no testimony was given as to her statements. Petitioner has not shown that there is a reasonable probability that the verdict would have been different had the trial been conducted properly. *Rogers*, 848 F.2d at 609. Nor has he shown that the alleged error had "substantial and injurious effect" or influence in determining the jury's verdict. *Brecht,* 507 U.S. at 637-38, 113 S. Ct. at 1722. Petitioner has failed to show that the trial was fundamentally unfair, thus denying them due process by prejudicing the outcome of the trial. *Lavernia*, 845 F.2d at 496. This issue is without merit.

Ineffective Assistance of Counsel at Trial

Petitioner claims, in numerous grounds for relief, that his trial counsel was ineffective.

<u>Legal Standard</u>

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir.

17

1981).  *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982);  *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).  Secondly, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  Petitioner must "affirmatively prove," not just allege, prejudice.  *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067.   If he fails to prove the prejudice component, the court need not address the question of counsel's performance.  *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

Conflict of Interest

Petitioner claims that his attorney acted under a conflict of interest.  He claims that, as a result of the conflict,  the trial court should have inquired into his dissatisfaction with his attorney and should have granted a continuance so that he could hire another attorney.  A conflict of interest exists when a defendant stands to gain significantly by advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing.  *United States v. Abner*, 825 F.2d 835, 842 (5th Cir. 1987).  Prejudice is presumed in an ineffective assistance of counsel claim only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance.  *Id.*  To be entitled to relief, a petitioner must show that counsel labored under an actual conflict of interest that "adversely affected his counsel's performance and prejudice under *Strickland*." *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996).  The mere possibility of a conflict, absent a showing that the attorney actively represented conflicting interest, is not sufficient.  *Id.*

Here, Petitioner does not show serial or concurrent representation – Petitioner's counsel did

not represent both Petitioner and a co-defendant. As a result, in order to prevail on his claim of conflict of interest, he must satisfy the *Strickland* test. However, he presents nothing in support of his conclusory claim except that his defense suffered because he was dissatisfied with his counsel. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).

A review of the record shows that Petitioner did not mention a conflict of interest when he was before the judge on a motion for continuance. The record shows that, although Petitioner wished to retain another attorney, he did not have the money to pay his fee at that time. The other attorney did not show up for the motion hearing, but Petitioner's court-appointed counsel announced that he was ready for trial. The trial court denied the motion for continuance. Petitioner has failed to prove that he was prejudiced by the trial court's denial of his motion for continuance as required by *Brecht*, 507 U.S. at 637, 113 S. Ct. 1710, 1722.

In sum, Petitioner has not shown that his counsel represented both himself and another co-defendant. He has not shown that his counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his counsel's performance. *Abner*, 825 F.2d at 842. He has not shown that his counsel labored under an actual conflict of interest that adversely affected his counsel's performance and prejudiced him under *Strickland*. *Perillo*, 79 F.3d at 447. The mere possibility of a conflict, absent a showing that the attorney actively represented conflicting interests, is not sufficient. *Id*. He also has not shown evidence that his counsel and the Government worked together to deprive him of his constitutional rights or that the trial court erred in denying his motion

for continuance. Petitioner has wholly failed to show a conflict of interest or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Failure to Investigate and File Pre-trial Motions

Petitioner alleges that his counsel was ineffective for failing to conduct a pre-trial investigation or file any pre-trial motions. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary. *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066, *Moore v. Johnson*, 194 F.3d 586 616 (5th Cir. 1999). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). In analyzing whether counsel is ineffective for failing to file motions, a determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).

As an initial matter, the Court notes that Petitioner presents no specific allegations other than his attorney failed to investigate and file pre-trial motions. He has not stated what further investigation would have revealed or which pre-trial motions he should have filed. *Id*. It is well-settled that counsel is not required to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). This Court will grant federal habeas corpus relief only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). Petitioner fails to allege facts demonstrating that the failure to investigate or file pre-trial motions rendered the trial as a whole fundamentally unfair.

*Bailey v. Procunier,* 744 F.2d 1166, 169 (5th Cir. 1984).  Moreover, he has failed to demonstrate prejudice as required in *Strickland*.  Thus, Petitioner has failed to demonstrate that his attorney's conduct fell below the standards of reasonable professional assistance or that he was prejudiced.

Second, Petitioner has failed to show that any motions would have been granted if filed.  *See Etter v. State*, 679 S.W.2d 511, 515 (Tex. Crim. App. 1984). Petitioner has wholly failed to demonstrate that this claim  has merit and that  legal counsel providing effective assistance of counsel would have filed any motions.  Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief.  *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Petitioner has also failed to show how the granting of motions would have changed the outcome of the trial. Merely asserting that he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*.  *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).  Petitioner failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  This issue is meritless.

Failure to Correct Bond Amount

Petitioner next claims his attorney was ineffective for failing to correct a mistake on the jail computer, which would have reduced his bond.  As has already been noted, federal habeas relief is available only for the vindication of rights existing under federal law.  *Estelle*, 502 U.S. at 67-68,

112 S. Ct. at 479-80. This issue does not raise an issue concerning the denial of a constitutional right. Additionally, Petitioner has failed to show that such a motion would have been granted if filed. *Etter*, 679 S.W.2d at 515. He has also failed to show how the granting of such a motion would have changed the outcome of the trial. Merely asserting that he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead*, 37 F.3d at 206. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood*, 73 F.3d at 1351. Petitioner failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Therefore, the claim should be denied.

Failure to Interview Witnesses

Petitioner claims that his attorney was ineffective by failing to interview witnesses. Specifically, Petitioner states that he told his counsel about three witnesses who "could have shed a lot of light in [Petitioner's] case." He claims that counsel told him in response that "we don't need them; they won't do us any good."

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing

witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041, 105 S. Ct. 524, 83 L. Ed.2d 412 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Petitioner has not supplied the identity of any witnesses who would have testified. He has not provided affidavits of the uncalled witnesses. He has not shown that the uncalled witnesses would have appeared and testified favorably at trial. He has failed to overcome the presumption that trial counsel was not acting on a trial strategy. Unsupported assertions are not sufficient to overcome the strong presumption that the decisions regarding witnesses and evidence were not part of counsel's trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. This issue is without merit.

Statement Made to the Court by Trial Counsel

Petitioner claims that his attorney told the court,"I don't think I can beat this case." He claims that this statement showed the court that he did not have a firm command of the facts. The record shows that counsel, during a motion-to-continue hearing, said the following:

I am court-appointed. [Petitioner] has been able to make bond since then, and I am ready to try the case. But I think Mr. Neil Durrance has advised Mr. Pierce that he

can beat this case, so I have also advised Mr. Pierce that I don't think I can beat this case if the State's witnesses show up, which I assume they will. But in any event, that is basically an oral motion for continuance, and I will be glad to reduce that to writing, if need be, and file it.

Petitioner has failed to show how counsel's assessment of the case constitutes ineffective assistance of counsel. He has not shown deficient performance. The appellate court decided that the evidence was sufficient to support the jury's guilty finding. *Pierce*, No. 02-03-0517-CR, slip op. at 2-3. Counsel's statement was made during a hearing where the jury was not present. His statement had no impact on the jury's verdict. Thus, Petitioner has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is meritless.

Failure to Object to Trial Continuing in Petitioner's Absence

Petitioner claims that counsel was ineffective for failing to object or ask for a continuance when Petitioner voluntarily did not show up for trial. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's

conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Petitioner's failure to show up for trial has already been discussed. He has not shown that he was denied a constitutional right. Therefore, any objection that counsel would have been made would have been futile. *Emery*, 139 F.3d at 198. He has failed to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue should be denied.

<u>Failure to Object to Hearsay Evidence</u>

Petitioner alleges that his trial counsel was ineffective for failing to object to the victim's testimony about a letter she stated that she received from the defendant. However, the record shows that counsel objected to the admission of the letter as hearsay. A review of the record shows that the statement concerning the letter was not hearsay as it was not offered to prove the truth of the matter asserted. Tex. Rule Evid. 801. The prosecutor was questioning the complainant about a letter that Petitioner had written to her:

> Q: What said during that conversation?
>
> A: He – it was in the letter. He said that he was gonna send a letter with some papers for me to sign and – two papers for me to sign, and one to send back to him and one to send to the District Attorney.
>
> Q: What were the papers going to say?
>
> A: Saying that I had not – that he had not been in any criminal activity such as rape. He did not rape me or anything like that, and he never

| | |
|---|---|
| | touched me.  He was not going to  – |
| Q: | Could you say that last part again? |
| A: | Not going – I don't remember what I said, sorry. |
| Q: | Did you actually see the papers, or is it something you just talked about? |
| A: | I saw the papers. |
| A: | Okay.  And that's basically what they said. |

This testimony was not offered to prove that Petitioner did not rape the complainant; rather it was offered to show that Petitioner was pressuring the complainant to not go forward with the case. Petitioner has not shown deficient performance.  In his Reply, Petitioner also argues that the letter was improperly gained.  The record shows that the complainant's godmother found the letter in the complainant's room and then faxed it to the District Attorney's office.  Petitioner has not shown that his counsel or the State acted improperly.

In sum, Petitioner has failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.  He has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  This issue is without merit.

Failure to Object to Charge

Petitioner complains that counsel was ineffective for failing to object to the jury charge. However, he has not specified what was objectionable.  This claim is totally conclusory.  Conclusory

claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5ᵗʰ Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5ᵗʰ Cir. 1982). Petitioner has not shown deficient performance for counsel's failure to object. He has failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2066. Petitioner has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

<u>Sufficiency of the Evidence</u>

Petitioner claims that the evidence was insufficient to support his conviction. However, it is well-settled that sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus in Texas. *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986). The Fifth Circuit has also recognized the same state procedural bar. *West v. Johnson*, 92 F.3d 1385, 1398, n. 18 (5ᵗʰ Cir. 1996) (sufficiency of the evidence may be raised on direct appeal, but not in a habeas corpus proceeding). Thus, the claim is procedurally barred unless Petitioner has demonstrated cause and prejudice or a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed.2d 640 (1991). Petitioner has failed to allege or demonstrate cause and prejudice or that he is actually innocent of the crime. Consequently, this claim is procedurally barred from review.

Even if this issue was not barred, the appellate court considered this issue and found it to be sufficient under *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d (1979):

> To prove that appellant was guilty of the charged offenses, the State was required to show that he intentionally or knowingly caused the female sexual organ of T.S., a

child under age seventeen who was not his spouse, to contact his sexual organ. *See* Tex. Penal Code Ann § 22.01 (a) (2) ( C), ( c) (1) (Vernon Supp. 2004-05). In his first and second points, appellant contends that the evidence is legally and factually insufficient to establish that the requisite sexual contact occurred. FN2.

> FN2. Appellant does not dispute his mental state, T.S.'s age, or that T.S. was not his spouse.

T.S. testified at trial that she and appellant had sex two different times at appellant's home. She stated that both times appellant took her pants off, she lay on her back, appellant lay on top of her, and she could feel his penis "on" or "in" her vagina. Appellant contends that this evidence is legally and factually insufficient because T.S. initially said that she felt nothing when appellant's penis touched her vagina, was vague about whether appellant placed his penis on or in her, and did not give the details a nearly-seventeen-year-old would use to describe sexual contact.

T.S. later testified, however, that sex is "when [a] penis comes in contact with a vagina." She further testified that appellant's penis went inside her vagina both times. In addition, a friend of appellant's testified that appellant had confided or bragged on many occasions that he feared he had gotten T.S. pregnant. And an acquaintance of appellant's testified that appellant said T.S. was not a virgin because she had been staying with appellant and they had "done it."

Applying the proper standards of review, FN3 we hold that the evidence is legally and factually sufficient to establish beyond a reasonable doubt that appellant caused T.S.'s female sexual organ to contact his sexual organ. *See Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); *Carmell v. State*, 963 S.W.2d 833, 836-37 (Tex. App.–Fort Worth 1998, pet. ref'd), *rev'd in part on other grounds*, 529 U.S. 513 (2000). Accordingly, we overrule appellant's first and second points.

> FN3. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (both setting out legal sufficiency standard of review); *Zuniga v. State*, No. 539-02, 2004 WL 840786, at *4, 7 (Tex. Crim. App. Apr. 21, 2004) (setting out factual sufficiency standard).

*Pierce*, No. 02-03-0517-CR, slip op. at 2-3. The appellate court applied *Jackson* when it reviewed

Petitioner's sufficiency of the evidence claim; thus, it was not in conflict with clearly established federal law. Petitioner's claim that the evidence is insufficient to support his conviction is simply a disagreement with the fact-finder's resolution of conflicts in the evidence, and as such, is foreclosed by settled principles of appellate review. *See United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999) (in reviewing sufficiency of the evidence, a court "must accept credibility choices that support the jury's verdict, and . . . may not reweigh the evidence."). Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

<u>Jurisdiction of Visiting Judge</u>

Petitioner asserts that the visiting judge who presided over his trial lacked jurisdiction because the record does not show that the procedural requirements of Texas Government Code 26.022 and 26.016 were followed. However, his claim concerns state procedures, and does not state a federal constitutional violation. *See Estelle*, 502 U.S. at 68, 112 S. Ct. at 480. Moreover, even if the statutes cited by Petitioner were applicable to his criminal case, procedural irregularities in the referral of a matter to a visiting judge do not render a judgment void, and is not a basis for federal habeas relief. *See Davis v. State*, 956 S.W.2d 555, 560 (Tex. Crim. App. 1997); *Ramos v. Dretke*, 2005 WL 39144 at *3 (N.D. Tex Jan 6, 2005), *rec. adopted*, 2005 WL 233952 (N. D. Tex. Jan. 31, 2005) (claim based on alleged failure of trial judge to take oath of office required by Texas constitution and state law not cognizable under 28 U.S. C. § 2254). Petitioner has failed to present

29

an issue concerning the denial of a constitutional right; thus, the issue should be denied.

Ineffective Assistance of Counsel on Appeal

Petitioner contends that his appellate counsel was ineffective for failing to raise several issues that Petitioner asked him to raise. Specifically, he states that he asked appellate counsel to raise ineffective assistance of counsel claims on direct appeal, but appellate counsel failed to do so.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to

30

their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

Appellate counsel for Petitioner filed an affidavit concerning Petitioner's allegation. He stated that Petitioner told him he wanted to raise ineffective assistance of counsel claims. He further stated that, after reviewing the entire record, he concluded that Petitioner's allegations had to do with alleged errors that were not part of the record, i.e., failure to investigate. He explained to Petitioner that these issues could only successfully be brought up in a writ of habeas corpus. He also noted that at the time that he met with Petitioner, Petitioner had no knowledge of what happened at trial since he absconded the day after the trial started.

Petitioner fails to specify which claims he believes appellate counsel should have raised on appeal. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. He has not shown "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Smith*, 528 U.S. at 286, 120 S. Ct. at 764-65; *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (to demonstrate that appellate counsel was incompetent in failing to raise a certain issue on appeal, a petitioner must show that a particular nonfrivolous issue was clearly stronger than issues that counsel presented on appeal). Appellate counsel was not required to raise the issues that Petitioner requested. *Hooks*, 480 F.2d at 1197. Petitioner has failed to show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal. *Smith*, 528 U.S. at 285, 120 S. Ct. at 764. This issue is without merit.

<u>Jury Charge</u>

Petitioner argues that the jury charge is missing from the appellate court record. Again, he

is complaining about a state procedural matter, and has failed to raise a federal constitutional violation. *Estelle*, 502 U.S. at 67-68, 112 S. Ct. at 479-80. A review of the record shows that the court's charge does not appear to be included in the Clerk's Record. However, trial counsel for Petitioner stated that he reviewed the charge, asked for a few changes, and after the changes had been made, had no further objections to it. Petitioner has failed to assert a claim of constitutional magnitude or show that the trial was fundamentally unfair, thus denying him due process by prejudicing the outcome of the trial. *Lavernia*, 845 F.2d at 496. This issue is without merit.

*Brady* <u>Violation</u>

In Petitioner's amended petition, he asserts that the prosecutor committed a *Brady* violation by failing to make available a Children's Advocacy Center document to his attorney prior to trial. Petitioner did not raise this issue in his first state writ. Thus, although he ultimately raised the claim, his second writ was dismissed pursuant to § 4 of Tex. C. Crim. Pro. Art. 11.07. It is well-settled that when the Court of Criminal Appeals dismisses a writ for abuse of the writ, it constitutes a procedural default that bars federal habeas review of the merits of such claims. *Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995). The Texas courts' abuse-of-the-writ doctrine is an adequate and independent state ground. *Nobles*, 127 F.3d at 423; *Fearance*, 56 F.3d at 642.

Even if this issue was not procedurally barred, Petitioner has failed to meet requirements necessary to show a *Brady* violation. In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed.2d 215 (1963). The prosecution "need not disgorge every piece of evidence in

its possession . . . [but] has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilty." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady* claim, the Fifth Circuit has explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and
>
> (3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. The materiality of the evidence is evaluated in light of the entire record. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997). The Fifth Circuit also requires that a petitioner show that "discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *Rector*,120 F.3d at 558. The state does not have a duty to disclose information that is available from other sources. *Id*. at 559. Additionally, the mere possibility that a piece of information might have helped the defense does not establish materiality in the constitutional sense. *Id*. at 562.

Petitioner claims that the prosecutor withheld a Children's Advocacy Center document, which his attorney attached to an affidavit in response to his federal writ. This document mentions that the complainant had suicidal thoughts in the past. Petitioner claims that, had he known of the document, complainant could have been impeached on the issue of suicidal thoughts, showing her to be an incompetent witness. He claims that he could have cross-examined the case worker who drafted the document regarding her statement that he had previous convictions for sexual assault and aggravated sexual assault in 1985 and 1995. He also claims that the judge, being aware of these false

charges, gave him a harsher sentence.

Petitioner has failed to meet even the first requirement of *Brady*. It was his attorney who attached the document to the affidavit to be submitted to the Court. Counsel for Petitioner was in possession of the document, knowing what information was contained in it. Counsel for Petitioner noted that the State provided a copy of the document to him. Thus, Petitioner has failed to show that the prosecutor withheld evidence. He has also failed to show that the information contained the document was material. Moreover, the state habeas court entered the following finding of fact as it pertains to this issue:

> As a matter of trial strategy, Defense Attorney Burke specifically did not use any past suicidal thoughts experienced by the complainant as a possible area of impeachment of the child's testimony (Burke Affidavit). The Court finds that Mr. Burke's strategy was reasonable and prudent in view of how such impeachment would have been countered by the State (Burke Affidavit, McCormick Affidavit).

*Ex parte Pierce*, App. No. 20,263-09, at 84. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

Petitioner also asserts that the document in question mentions two false convictions, which caused him to receive a harsher sentence. In response, counsel for Petitioner filed an affidavit stating that he believed the priors to be true, having represented Petitioner on the 1988 aggravated robbery charge. He recalls that Petitioner pleaded "true" to an enhancement of sexual assault conviction

from Dallas County. However, he noted that this information could not have influenced the sentence in the instant matter because it was not introduced into evidence and was not mentioned in argument by either side. The State prosecutor stated that Petitioner's prior convictions did not affect his punishment in the instant case since the priors were not revealed in any part of the CPS assessment to the trial court. The prosecutor believed that Petitioner was sentenced to sixty years because of the seriousness of the offense and because Petitioner fled during trial. Finally, the state habeas judge, who also presided over Petitioner's trial stated:

> The Court was not aware of any prior conviction for aggravated sexual assault when it assessed punishment in this case. The Court identified two factors in assessing sentence: (1) trauma to the child complainant; and (2) the fact that Applicant voluntarily absented himself from the proceeding.

*Ex parte Pierce*, App. No. 20,263-09, at 84-85.

In sum, Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. In this case, the same judge presided over both Petitioner's trial and state habeas proceedings, warranting an especially strong presumption of correctness. *Miller-El*, 261 F.3d at 454. Petitioner has failed to show that the prosecutor withheld evidence, or that such evidence was material or favorable to his defense. *Derden*, 938 F.2d at 617. This issue is without merit.

## Conclusion

Petitioner has failed to show that any of his issues have merit. He has failed to show a violation of a federal constitutional right. *Lowery*, 988 F.2d at 1367. Further, he has not shown that

the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. In each of his ineffective assistance of counsel claims, he has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Accordingly, his petition should be denied and dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 26th day of April, 2013.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE